IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

WILLIAM POWELL and
STEPHANIE POWELL                                                                                          PLAINTIFFS

v.                                        Case No. 4:19-cv-4032

JAMES DAVID BROSSETT, Individually and
d/b/a BROSSETT CORPORATION                                                                     DEFENDANTS

## ORDER

Before the Court is Plaintiffs' Motion for Default Judgment against Defendant pursuant to Fed. R. Civ. P. 55(b).  ECF No. 12.  Plaintiffs allege in their complaint that they "made several ongoing and personal loans to the benefit of the Defendant and his business in the estimated sum of $325,000 plus interest, to which the Defendant has failed and refused to uphold the agreements in which he executed with the terms and conditions of repayment of these loans."  ECF No. 1, p. 2.  In the case caption, Plaintiff names "James David Brossett, Individually and d/b/a Brossett Corporation" as the Defendant.  In support of their claim, Plaintiffs attach to their complaint six loan agreements between William Powell and the Brossett Corporation and one loan agreement between the Brossett Corporation and Stephanie Langley, who the Court assumes is Plaintiff Stephanie Langley Powell.  ECF No. 1, pp. 9-29.  These loan agreements are signed by Dave Brossett.  Printed underneath the signature line is "Brossett Corporation (Borrower)" and printed on the next line is "Dave Brossett."  In the complaint, Plaintiffs "pray that the Defendant be found to be in default of the personal loans issued to him for the benefit of his business.  That they be awarded a sum commensurate with the estimated sum of the loans plus interest, for an award of attorney's fees and costs . . . ."  ECF No. 1, p. 2.

Defendant has yet to file an answer or otherwise respond to the complaint.  On August 29, 2019, the Clerk of Court entered a default against Defendant pursuant to Fed. R. Civ P. 55(a).

ECF No. 11.

In the instant Motion for Default Judgment (ECF No. 12), Plaintiff William Powell seeks a sum certain in the amount of $225,000.00, which he claims represents the total principal amount due under eight loans he made to the Brossett Corporation.[1]  Plaintiff Stephanie Powell seeks a sum certain in the amount of $25,000.00, which she claims represents the total principal amount due under one loan she made to Defendant.  Plaintiffs seek an additional award of $210,000.00, which they claim is the amount of accrued interest on the unpaid loans per the loan agreements. ECF No. 19.  Plaintiffs also seek attorney's fees of $2,952.25 and costs of $608.04.

A district court may enter a default judgment when a party fails to appropriately respond in a timely manner.  *See, e.g.*, *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997).  If the court determines that a defendant is in default, the court shall take as true factual allegations of the complaint, except those relating to the amount of damages.  *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001).  However, the court must ensure that "the unchallenged facts constitute a legitimate cause of action" prior to entering final judgment.  *See Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).

In the present case, the Court must determine whether the unchallenged facts in Plaintiff's complaint constitute a legitimate cause of action against "James David Brossett, Individually and d/b/a Brossett Corporation."  For Plaintiffs to prevail on their breach of contract claims against James David Brossett in his role as either a corporate officer or agent for Brossett Corporation,[2]

---

[1] The Motion for Default Judgment (ECF No. 12) requests a judgment in the total amount of $250,000.00, which Plaintiffs state is the unpaid principal balance of "eight (8) loans made to the Defendants by William Powell and one (1) made by Stephanie Langley Powell . . . ." ECF No. 12, p. 1.  Plaintiffs have attached copies of seven loan agreements between William Powell and the Brossett Corporation, with a total principal amount of $375,000.00. Plaintiffs have attached a copy of one loan agreement between Stephanie Langley and the Brossett Corporation, with a total principal amount of $25,000.00.  Plaintiffs have also attached a copy of a worksheet in which they claim that the "total amount borrowed" is $250,000.00 and the "balance of principal payments due" is $250,000.00.  ECF No. 12, p. 31.  These figures are inconsistent, and there is no explanation for the inconsistencies.

[2] Plaintiffs attached to their complaint information from the Louisiana Secretary of State's Office indicating that James D. Brossett is the registered agent and President of the Brossett Corporation.  ECF No. 1, p. 4.  As of August 21, 2018, the Brossett Corporation was an active corporation in good standing in Louisiana.  ECF No. 1, p. 4.

the Court must find a theory in the complaint to support individual liability. *See Marshall v. Baggett*, 616 F.3d 849, 854 (8th Cir. 2010). No such theory exists here. There is nothing in the complaint to support an assertion that the Brossett Corporation was a sham corporation or an indistinct identity of James David Brossett. There are no allegations of fraud. Further, the loan agreements are clear that James David Brossett executed the agreements in his official capacity on behalf of the Brossett Corporation, and Plaintiffs have not countered this fact with a factual assertion as to why James David Brossett instead bound himself as an individual. Accordingly, James David Brossett cannot be held individually liable for breach of the loan agreements.

Perhaps Plaintiffs were attempting to bring breach of contract claims against the Brossett Corporation by using the "d/b/a" styling in the caption of the complaint. However, the body of the complaint clearly refers to one individual defendant throughout. In the complaint, Plaintiffs use the phrase "the Defendant" when referring to James David Brossett and then refer to his "business" but never specifically refer to the "Brossett Corporation" or allege that the Brossett Corporation breached the loan agreements. There is no allegation that James D. Brossett is a sole proprietor doing business under another name. Accordingly, the Court cannot find that Plaintiffs have stated any claim against the Brossett Corporation, and thus Plaintiffs' complaint must fail as a matter of law. *See Marshall*, 616 F.3d at 855.

Upon consideration of Plaintiffs' Motion for Default Judgment (ECF No. 12), the Court finds that the motion should be and hereby is **DENIED**. Further, because Plaintiffs fail to state a claim against James David Brossett individually, the Court finds that the complaint should be and hereby is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 15th day of September, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge